UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS KAANTA,

           Plaintiff,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE AEROSPACE AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, AFL-CIO,

           Defendant.

_____/

Case No. 24-cv-10362

Paul D. Borman
United States District Judge

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6) (ECF NO. 5)**

This is an action asserting violation of Section 101 of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411. Plaintiff Thomas Kaanta, a former President of UAW Local 828 and proceeding *pro se*, alleges that Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO's interpretation of its Constitution regarding the quorum requirement for meetings violates § 101 of the LMRDA.

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5). The motion has been fully briefed.

1

The Court has carefully considered the parties' submissions and does not believe that oral argument will aid in its disposition of this matter; therefore it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A.    Relevant Facts

For the purposes of a motion to dismiss, the Court takes the factual allegations in Plaintiff's Complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to Plaintiff's Complaint, Plaintiff Thomas Kaanta is the former President of UAW Local 828. (ECF No. 1, Compl., PageID.7 [stating he retired as President on May 13, 2023].) Plaintiff alleges that Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO's (the "UAW") interpretation of its Constitution, and specifically Article 37, § 4 of that Constitution, violates § 101 of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411. (*Id.* PageID.2.) Specifically, Plaintiff contends that the UAW "acted unreasonably when interpreting the [] Constitution when it held that separate shift meeting attendance should be considered

cumulatively in order to determine whether Local 828 satisfied its Quorum requirement for meetings." (*Id.*)

Article 37, § 4 of the UAW Constitution contains the rules a local union must follow when it holds shift meetings for membership. (*Id.* PageID.3-4.) As required by Article 37, § 4 of the UAW Constitution, Local 828 conducts monthly membership meetings. Prior to 2005, Local 828 held a single meeting for all three shifts of members. In 2005, Local 828 went to a split-shift meeting format to accommodate employees that worked a third shift. Following this change, Local 828 held one shift meeting around 7 a.m. for third shift members, suspended it, and then resumed the meeting shift around 3:00 p.m. for members that work the first and second shifts. (*Id.* PageID.7.)

Prior to 2023, Article 3 of Local 828's bylaws provided that "a quorum of ten members must be present for [the] legal transaction of business." (*Id.* PageID.2.) Between 2005 and 2018, Local 828 required that a quorum could only be established when a minimum of ten members were present at each shift meeting. (*Id.* PageID.7.) But, in 2018, at the direction of the UAW, Local 828 implemented a "combined quorum format" that would permit Local 828 to transact business when the combined total number of members at both shift meetings equaled ten or more members. (*Id.*)

3

In October of 2021, due to a lack of attendance at the third shift meeting, Plaintiff notified union members that he would implement a ten-member quorum at each shift meeting. (*Id.*) In November of 2021, Plaintiff enforced a ten-member quorum at each shift meeting. (*Id.* PageID.8.) Local 828 membership brought Plaintiff's change to the UAW's attention. (*Id.*).

On June 1, 2022, the UAW, through International Servicing Representative Brian Bosak, advised Plaintiff that enforcing the ten-member quorum "to each session of the multi shift meeting [violates] the UAW constitution." (*Id.*) Bosak explained to Plaintiff that Article 37, § 4 of the UAW Constitution provides that when a local union utilizes shift meetings, all the shift meetings are actually one, and that because the meetings are considered one meeting a combined quorum is reasonable and consistent with the UAW Constitution. (*Id.* (explaining that "there is only one (1) membership meeting at Local 828, which is comprised of two different sessions").)

On June 14, 2022, Plaintiff again enforced the ten-member quorum requirement on the third shift meeting. The third shift meeting did not meet Plaintiff's quorum and did not transact any business. Later, during the second shift meeting, the ten-member quorum was satisfied and Local 828 conducted the meeting. (*Id.*)

4

On June 21, 2022, UAW Regional Director Steve Dawes issued a memorandum to Plaintiff that again explained that the total members in attendance at all shift meetings are to be considered for quorum purposes because Article 37, § 4 provides that all shift meetings are actually one meeting. (*Id.*) Plaintiff asserts that he then "applied the combined quorum format until he retired in May of 2023." (*Id.*)

However, Plaintiff contends that on June 29, 2022, members of Local 828 brought internal union charges against him for failing to follow the UAW's directive to apply a combined quorum. (*Id.*) Plaintiff solicited an opinion from "retired Federal [Administrative Law] Judge William E. Kenworthy, who [was] a parliamentarian"[1] regarding combined quorums. Kenworthy opined that "such an action would violate the by-laws" and "[t]here is absolutely no provision in Roberts Rules of Order for constituting a quorum requirement based upon the number of members present at successive meetings." (*Id.* PageID.8-9.) The UAW ignored this opinion. (*Id.* PageID.9.)

On July 14, 2022, Bosak advised Plaintiff to challenge the UAW's interpretation of the quorum requirement through the UAW's internal appeal

---

[1] ALJ William E. Kenworthy passed away on January 7, 2024. https://obituaries.post-gazette.com/obituary/william-eugene-kenworthy-1089260965 [**https://perma.cc/5K6U-XGT2].**

process. (*Id.*) On July 19 and August 4, 2022, Plaintiff sent requests to UAW President Ray Curry to challenge and appeal the UAW's interpretation of the quorum requirement. (*Id.*)

On August 9, 2022, Local 828 membership removed Plaintiff from office based on his alleged failure to abide by the UAW Constitution. (*Id.* PageID.10.) Plaintiff challenged his removal and appealed the Local's charges against him on August 15, 2022. (*Id.*) On August 29, 2022, the UAW reinstated Plaintiff and allowed him to return to Local 828 as President. (*Id.*)

On January 20, 2023, the UAW's International Executive Board (IEB) dismissed the charges against Plaintiff. Although the IEB ruled in Plaintiff's favor, he nevertheless appealed the IEB's decision to the UAW Public Review Board (PRB) for a determination of the constitutionality of the combined quorum issue. (*Id.*).

On March 17, 2023, Plaintiff successfully amended Local 828's bylaws to state that a "combined quorum of ten members must be present for legal transaction of business." (*Id.* PageID.3, 10.) The amendment was approved by the UAW and adopted by Local 828. (*Id.* at PageID.10.)

Plaintiff retired as the Local 828 President and left office on May 13, 2023. (*Id.* PageID.7.)

6

On June 20, 2023, the IEB issued a decision on Plaintiff's appeal regarding the interpretation of the quorum requirement, denying Plaintiff's appeal on the grounds that it was untimely. (*Id.* (stating that Plaintiff was "aware of the action forming the basis of the appeal when regional director Dawes provided an interpretation of the quorum requirements on 6/21/22.").)

On July 11, 2023, Plaintiff appealed the IEB's decision to the PRB. (*Id.* PageID.11.) On November 9, 2023, the PRB ruled in favor of the UAW. (*Id.* PageID.11, 24-25.) The PRB found that although Article 37, § 4 of the UAW Constitution does not address quorum requirements, § 4(1)(2) of the Constitution states that "the succeeding meeting cannot introduce another motion on the same subject inasmuch as all the shift meetings are actually one." (*Id.* PageID.4, 13, 24-25.) The PRB found that since § 4(1)(2) treats all shift meetings as one it logically follows that the shift meetings should be considered as one for quorum purposes. (*Id.* PageID.13-14, 24-25.)

## B.    Procedural History

On February 13, 2024, Plaintiff, proceeding *pro se*, filed the instant lawsuit against Defendant UAW under Title I of the LMRDA to "put the enforcement of the quorum [rule] in plain sight, at all shift meetings and place the rule of order, the quorum, first and foremost at every meeting to restore the rule of order." (ECF No.

1, Compl., PageID.15.) Plaintiff requests that the Court rule that "the UAW is violating its very own Constitution by adding the quorum sum of all local union meetings to establish a quorum." (*Id.*)

On March 8, 2024, Defendant UAW filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 5, Def. Mot.) Defendant argues that Plaintiff's Complaint does not allege that the UAW discriminated against him, deprived him of any rights, or retaliated against him for conduct protected by the LMRDA, and thus fails to contain any allegations that the UAW violated his equal rights under § 411(a)(1) of the LMRDA, or that the UAW violated his speech rights under § 411(a)(2) of the LMRDA.

On March 11, 2024, the Court entered an Order Regarding Defendant's Motion to Dismiss, affording Plaintiff the opportunity to cure any purported deficiencies in his Complaint by filing an amended complaint within 14 days of the entry of the order. (ECF No. 6.) The Court warned, however, that "[i]f Plaintiff elects not to file an amended complaint and instead files a substantive response, the Court will rule on the pending motion and any dismissal may be with prejudice." (*Id.*)

Plaintiff did not elect to file an amended complaint.

Instead, on March 26, 2024, Plaintiff filed a Response in opposition to Defendant's Motion to Dismiss. (ECF No. 9, Pl. Resp.) Plaintiff argues that

8

"[c]ombined quorums are discriminatory and violate [T]itle I in numerous ways," such as by applying "different rights for different meetings." (*Id.*) Plaintiff argues that the "combined quorum removes the rights of each member to enforce the quorum rule of order … since some members have quorum enforcement rights and some do not." (*Id.*) Plaintiff contends that the UAW Constitution and the Roberts Rules of Order do not allow combined quorums, and that he was harmed because the UAW "coaxed the local to violate the appeal procedure by going straight to the trial procedure" and "failed to direct the local union to follow its own appeal procedure." (*Id.*)

The Defendant filed a Reply brief on April 3, 2024. (ECF No. 10, Def. Reply.) Defendant argues that Plaintiff fails to address the arguments set forth in its Motion to Dismiss and fails to assert any facts from the Complaint as to how Defendant violated Plaintiff's rights under § 101 of the LMRDA by discriminating against him or treating him unequally, as opposed to others' rights. Defendant further contends that Plaintiff lacks standing to bring an LMRDA claim and that his claim that the UAW violated the Robert's Rules of Order is meritless.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To state

a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Id*. at 539 (internal citations and quotation marks omitted); *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) ("To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it

10

plausible.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is the defendant who "has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

### III.  ANALYSIS

#### A. Title I of the LMRDA

Plaintiff broadly states that he "is seeking [a] remedy under Title I of the LMRDA." (ECF No. 1, Compl., PageID.1.) He contends that Defendant "acted unreasonably when interpreting the International Constitution when it held that separate shift meeting attendance should be considered cumulatively in order to determine whether Local 828 satisfied its Quorum requirement for meetings." (*Id.* PageID.2.)

Defendant argues that Plaintiff fails to state a claim under Title I of the LMRDA because his Complaint does not contain any allegations that describe how the UAW's application of the combined quorum rule infringed his equal rights or his speech or assembly rights under the LMRDA.

"The LMRDA's primary aim [is] to ensure that labor organizations [are] governed democratically and [are] responsive to the will of their rank-and-file members." *Ardingo v. Potter*, 445 F. Supp. 2d 792, 796 (W.D. Mich. 2006) (citing *Finnegan v. Leu*, 456 U.S. 431, 435 (1982)). To that end, Title I of the LMRDA

11

"provides union members with an exhaustive 'Bill of Rights' enforceable in federal court." *Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley*, 467 U.S. 526, 536-37 (1984). It "is designed to guarantee every union member equal rights to vote and otherwise participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline." *Id.*

Section 101(a)(1) of the LMRDA states:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1).

Section 101(a)(2) provides:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2).

Furthermore, a labor organization cannot fine, suspend, expel, or otherwise discipline any of its members "unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; [and] (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5).

Section 102 of the LMRDA provides a private right of action to "[a]ny person" for a violation of that person's rights under § 101. 29 U.S.C. § 412; *United Bhd. of Carpenters and Joiners of Am., Dresden Local No. 267 v. Ohio Carpenters Health and Welfare Fund,* 926 F.2d 550, 554 (6th Cir.1991). In the Sixth Circuit, "§ 412 confers standing to sue under § 411 only on persons who are members of unions and who enjoy the primary rights of rank and file membership," and not on a local union or other similar union sub-unit. *Id.* 556. "[P]laintiffs do not have standing to raise the claim that the determination deprives other union members of their rights …, as it is well established that union members lack standing to enforce the rights of other union members." *Weiss v. Torpey*, 987 F. Supp. 212, 218 (E.D.N.Y. 1997) (citing *Ellis v. Civil Serv. Emps. Ass'n, Inc. v. Local 1000, AFSCME, AFL-CIO*, 913 F. Supp. 684, 688 (N.D.N.Y. 1996 (collecting cases)); *United Bhd. of Carpenters v. O'Donnell*, 833 F. App'x 133, 134 (9th Cir. 2021) ("The LMRDA … confers no

standing to sue based on the rights of others."); *cf. McGowan v. Maryland*, 366 U.S. 420, 429 (1961) (holding that an individual does not have standing to litigate the rights of another). "The relevant inquiry, therefore, is whether the complaining union member[] ha[s] been 'denied a privilege or right … which the union has granted to others.'" *Weiss*, 987 F. Supp. at 218; *see also Tisza v. Commc'ns Workers of Am.*, 953 F.2d 298, 300 (7th Cir. 1992) ("It is not enough to point to a substantive rule; the plaintiff must identify a personal loss traceable to a violation of the rule.").

### B. LMRDA § 411(a)(1) – Equal Rights

Plaintiff's Complaint here fails to specifically identify which right under 29 U.S.C. § 411 was allegedly violated by Defendant.

Turning first to 29 U.S.C. § 411(a)(1), that section "is no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote." *Calhoon v. Harvey*, 379 U.S. 134, 139 (1964) (further noting that even this right is "'subject to reasonable rules and regulations' by the union."). "From this proposition flows the corollary that '[w]here there is no discrimination between members of a union there is no denial of the equal right to vote.'" *Richards v. Ohio Civil Serv. Emps. Ass'n*, 205 F. App'x 347, 353 (6th Cir. 2006) (quoting *Corea v. Welo*, 937 F.2d 1132, 1141 (6th Cir. 1991)).

Plaintiff complains only that the combined quorum rule violates the UAW Constitution and the Roberts Rules of Order.[2] However, whether or not the "combined quorum" rule violates or conflicts with the UAW Constitution or Roberts Rules of Order is irrelevant to Plaintiff's § 411(a) claim in this case. *See Nienaber v. Ohio Valley Carpenters Dist. Council*, 652 F.2d 1284, 1286 (6th Cir. 1981) ("Section 411(a)(1) was not designed to grant federal courts jurisdiction to enforce union constitutions and bylaws across the board.") (internal quotation marks omitted); *see also Richards*, 205 F. App'x at 353 (stating that whether or not the union's alleged actions violated the union's constitution "is irrelevant to the § 411(a)(1) claim."); *Bartosh v. Branch 546 of Nat'l Ass'n of Letter Carriers*, Civ. A. No. 85-104-COL, 1985 WL 6159, at *1-2 (M.D. Ga. Dec. 5, 1985) (stating that the Roberts Rules of Order "are nowhere endorsed in the federal legislation nor are they imposed on any union by the LMRDA" and "allegations of violation of Roberts Rules of Order and the Union By-Laws are simply matters for internal Union resolution" and "not a matter requiring federal judicial intervention"). Further,

---

[2] Plaintiff alleges that the Union Constitution states that all questions of Parliamentary nature shall be decided by the Roberts Rules of Order. (ECF No. 1, Compl., PageID.11.) "Roberts Rules of Order is a parliamentary [procedure] manual whose provisions govern legislative bodies and other deliberative assemblies." *Mobley v. Tarlini,* 641 F. Supp. 2d 430, 435 n. 4 (E.D. Pa. 2009).

15

Plaintiff's contention that the combined quorum requirement is "too cumbersome to implement" fails to state a § 411(a)(1) claim as Title I of the LMRDA only requires that unions apply their constitutions equally and without discrimination, not perfectly. *Corea,* 937 F.2d at 1141.

Plaintiff does not allege in his Complaint that the combined quorum rule was applied discriminatorily *to him* as compared to other members or otherwise applied unequally among the union members, and he does not allege that Defendant UAW denied *him* any equal rights under the UAW Constitution. To the extent Plaintiff complains of being temporarily removed from office, he alleges in his Complaint that Local 828 members and leadership filed charges against him and removed him from office, not Defendant. (ECF No. 1, Compl., PageID.9-10 (alleging instead that Defendant returned Plaintiff to office shortly after he was removed and that Defendant, through the Internal Executive Board, dismissed Local 828's charges against Plaintiff).) Plaintiff's allegations indicate that Defendant applies the combined quorum rule to all of its locals that utilize shift meetings and thus imply that all members of the union were impacted by the "combined quorum" rule equally. The Court finds, construing the Complaint in the light most favorable to Plaintiff, that Plaintiff's allegations are insufficient to state a claim under § 411(a)(1) of the LMRDA because the operative inquiry under § 411(a)(1) "is not whether

16

members were treated properly or fairly, but whether they were treated equally." *Corea,* 937 F.2d at 1141; *Angel v. United Paperworkers Int'l Union (PACE) Local 1967*, 221 F. App'x 393, 399-400 (6th Cir. 2007) (holding that "the alleged violation of the Union's constitution that resulted in the universal denial of a ratification vote, rather than the denial of a vote to some but not others," fails to state discrimination required by § 411(a)(1)); *Bartosh*, 1985 WL 6159, at *2 ("[T]he United States Supreme Court has made it clear that [§ 411(a)(1)] is not a weapon with which to challenge any and every procedural aspect of a voting procedure. Rather, it is limited to assuring that those voting rights which are given to the membership are given equally to each member of the Union."). Thus, "[w]here there is no discrimination between members of a union there is no denial of the equal right to vote." *Corea,* 937 F.2d at 1141; *see also Nienabar*, 652 F.2d at 1286 ("The failure to have members present or to place registration stubs on the ballots, however, did not result in discrimination" under § 411(a)(1) because it did not result in "discriminatory deprivation of an individual's right to cast a meaningful vote.").

Plaintiff only challenges a procedural aspect of the Union's meeting practice – how a quorum is calculated as to all union members. Accordingly, he has not alleged a colorable claim of discrimination by Defendant UAW in this case under 29 U.S.C. § 411(a)(1), and that claim is dismissed with prejudice.

### C. 29 U.S.C. § 411(a)(2) – Free Speech and Assembly

Turning next to 29 U.S.C. § 411(a)(2), the issue is whether Plaintiff's Complaint alleges that Defendant UAW retaliated against Plaintiff for speech protected by the LMRDA. This section of the LMRDA "contains three clauses: freedom of assembly; freedom 'to express any views, arguments, or opinions'; and freedom to express at meetings views upon election candidates and issues." *Barger v. United Bhd. of Carpenters & Joiners of Am.*, 3 F.4th 254, 264 (6th Cir. 2021) (quoting 29 U.S.C. § 411(a)(2)). To establish a free-speech claim under the LMRDA, "a plaintiff bringing a § 101(a)(2) claim must prove that (1) his conduct was protected by the LMRDA; (2) the defendant took actions against him in substantial part because of this exercise of his rights under the LMRDA; and (3) he was damaged and suffered an injury, as a proximate result of the actions of the defendant." *Id.* (citing *Black v. Ryder/P.I.E. Nationwide, Inc.*, 970 F.2d 1461, 1469 (6th Cir. 1992)).

Defendant concedes that "it is likely that Plaintiff engaged in speech protected by the LMRDA" to the extent he complains of the Union's implementation of the combined quorum rule. (ECF No. 5, Def. Mot., PageID.50.) Defendant argues, however, that Plaintiff's Complaint does not contain any allegations supporting the second and third elements of this § 411(a)(2) claim.

18

Defendant first contends that Plaintiff's Complaint fails to include any allegations suggesting that Defendant UAW took any actions against him because of his exercise of rights under the LMRDA. Instead, Plaintiff alleges in his Complaint that Defendant, through Bosak, advised him to appeal the Union's interpretation of Article 37, § 4. (ECF No. 1, Compl., PageID.9.) Plaintiff's Complaint further states that Local 828 members and leadership, not Defendant UAW, filed charges against Plaintiff in July 2022 and removed him from office in August 2022. (*Id.* PageID.9-10 ("local union membership removed Kaanta from his presidency on charges of violating interpretations of Art. 37, Sec.4 shift meetings….").) Plaintiff then pleads that the UAW returned Plaintiff to his office shortly thereafter and, through the Internal Executive Board, dismissed Local 828's charges against him. (*Id.* PageID.10.)

The Court therefore finds that Plaintiff fails to plead that Defendant UAW took any action that violated Plaintiff's rights of free speech and/or assembly under § 411(a)(2). As stated *supra*, Plaintiff's complaints that Defendant's actions violated its own Constitution or the Roberts Rules of Order only challenge a procedural aspect of the Union's meeting practice and fail to state a claim under the LMRDA. *See Nienaber*, 652 F.2d at 1286; *see also Bartosh*, 1985 WL 6159, at *1 (holding that an alleged violation of a union's constitution or the Roberts Rules of Order is

not enough to create an LMRDA violation because "that dispute merely involves an internal Union concern and is not a matter requiring federal judicial intervention.").

Further, "Congress did not intend to include all acts that deterred the exercise of rights protected under the LMRDA, but rather meant instead to denote only punishment authorized by the union as a collective entity to enforce its rules." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 91 (1989). Union discipline "refers only to actions 'undertaken under color of the union's right to control the member's conduct in order to protect the interests of the union or its membership.'" *Id.* (citations omitted). And "Congress meant 'discipline' to signify penalties applied by the union in its official capacity rather than an *ad hoc* retaliation by individual union officers." *Id.* at 92 n.15. Plaintiff has failed to plead that Defendant UAW, "as a collective entity," took any action or enforced any discipline against him for his complaints about the combined quorum rule.

Defendant further argues that Plaintiff's Complaint does not contain any allegations or facts demonstrating how Plaintiff suffered any injury or harm as a result of any action taken by Defendant UAW. The burden is on Plaintiff to establish the grounds for his entitlement to relief. *Twombly*, 550 U.S. at 555. Plaintiff expressly pleads that he is "seeking no monetary damages" in this case (ECF No. 1, Compl., PageID.1), and he fails to otherwise plead injury or harm to him caused by

Defendant UAW in connection which the exercise of his speech rights as to union matters.

In his Response brief, Plaintiff fails to point to any allegations in his Complaint supporting a claim under § 411(a)(2). To the extent he instead asserts new factual allegations in his Response that are not included in his Complaint in support of his argument, (*See* ECF No. 9, Pl. Resp.), it is well settled that a plaintiff cannot cure a complaint's factual deficiencies by asserting new factual allegations in the response brief. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483-84 (6th Cir. 2020) ("The court may not … take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).") (citation omitted); *Newman v. Encore Cap. Grp.*, No. 16-11395, 2017 WL 3479510, at *17 (E.D. Mich. Aug. 14, 2017) ("Plaintiffs cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendants' motion to dismiss").[3]

While the Court acknowledges that a certain measure of liberal construction is generally applied in the interpretation of a *pro se* litigant's filings, *Williams v.*

---

[3] In the Court's March 11, 2024 Order Regarding Defendant's Motion to Dismiss (ECF No. 6), the Court gave Plaintiff the opportunity to amend his complaint to cure any purported deficiencies identified in Defendant's Motion to Dismiss. Plaintiff declined to do so and instead filed a Response in opposition to Defendant's Motion.

*Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), this liberal construction has limits. To find that Plaintiff has asserted additional facts in support of a claim under the LMRDA would require the Court to essentially rewrite Plaintiff's Complaint to create claims that Plaintiff did not raise. The Court is not required to create claims that are not alleged, because to do so would require the courts to explore exhaustively all potential claims of a *pro se* plaintiff and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Bell v. Tennessee*, No. 1:11-cv-14, 2012 WL 996560, at *9 (E.D. Tenn. Mar. 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining that the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue"). Further, the Court need not search the record for evidence to support the claims of the non-moving party. *See Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008).

The Court finds, construing the Complaint in the light most favorable to Plaintiff, that Plaintiff's "naked assertions" in his Complaint that Defendant violated the LMRDA "devoid of 'further factual enhancement'" in support do not suffice to

state a claim for relief. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).[4]

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5) and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE.**

IT IS SO ORDERED.

Dated: May 20, 2024                    s/ Paul D. Borman
                                       Paul D. Borman
                                       United States District Judge

---

[4] Defendant also argues in its Motion to Dismiss that Plaintiff's claims under the LMRDA are moot because Plaintiff pleads that he amended Local 828's bylaws in March 2023 to state that a "combined quorum of ten members must be present for legal transaction of business." (ECF No. 1, Compl., PageID.3, 10.) This amendment was approved by Defendant UAW and adopted by Local 828. (*Id.* PageID.10.) Defendant argues that this amendment removed any alleged ambiguity or conflict between the UAW Constitution and Local 828's bylaws, and thus Plaintiff has obtained the relief he seeks, which is to "put the enforcement of quorum in plain sight, at all shift meetings." (*Id.* PageID.15.) Because the Court finds, as explained *supra*, that Plaintiff fails to state a claim against Defendant under the LMRDA, it need not address this argument.